VEENEMA & WIEGERS, INCORPORATED, A BODY CORPO-RATE, PLAINTIFF-APPELLANT, v. THE WHITE COM-PANY, LIKEWISE A BODY CORPORATE, DEFENDANT-RESPONDENT.

Submitted May term, 1936—Decided October 9, 1936.

Before Justices BODINE and HEHER.

For the appellant, *Jerome Alper* (*Samuel B. Friedman,* of counsel).

For the respondent, *Aristo Dallavalle* (*Herman Cooper,* of counsel).

PER CURIAM.

This case was tried by the District Court judge, sitting without a jury; and the sole ground of appeal is that there was error in the denial of plaintiff's motion for a "directed verdict in its favor." This and other specifications raise the question of whether there is any evidence to support the judgment.

The inquiry must be resolved in the affirmative. Under the circumstances, it was open to the judge to find that the sale was in fact unconditional, and that the conditional sales agreement was an afterthought. Moreover, he found as a fact that the defendant corporation had no knowledge of the claimed conditional sales contract between plaintiff and Siematkowski, until after the sale in the proceedings insti-tuted to foreclose its chattel mortgage, and the resale of the vehicle to Palo (it was not recorded at any time); and, in

such circumstances, the long and unexplained delay after Siematkowski's default in exercising the now asserted right of possession under this unrecorded instrument tends to refute the claim of a conditional sale. We think, too, that it constituted a waiver of the condition, if in fact there was such a contract, and precludes recovery in an action for conversion.

Judgment affirmed, with costs.